U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 21 2013

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CITY OF FORT WORTH, §
§
Plaintiff, §
§
VS. § NO. 4:12-CV-829-A
§
EMPLOYEES' RETIREMENT FUND OF §
THE CITY OF FORT WORTH, §
§
Defendant. §

MEMORANDUM OPINION
AND
ORDER

Before the court for consideration and ruling is the motion of plaintiff, City of Fort Worth, ("City") to remand. After having considered City's state court pleading, the state court answer and the notice of removal filed by defendant, Employees' Retirement Fund of the City of Fort Worth, ("Retirement Fund"), City's motion to remand, Retirement Fund's response, City's reply, Retirement Fund's surreply, and applicable legal authorities, the court has concluded that the motion to remand should be granted.

I.

Background and Procedural History

A. City's State Court Pleading

This action was initiated by City on October 23, 2012, by the filing in the District Court of Tarrant County, Texas, 342nd Judicial District, of City's original petition for declaratory

judgment. City made the following allegations pertinent to the court's ruling on the motion to remand:

City is a home rule city and municipal corporation organized under Texas law. Retirement Fund is a unitary retirement fund created and existing by a retirement plan ordinance adopted by City's city council for the employees of City, as contemplated by article 6243i of the Texas Revised Civil Statutes. Retirement Fund is administered and managed by an independent elected Board of Trustees ("Board") and operated under Retirement Fund's Administrative Rules and Procedures, as contemplated by sections 1.02 and 5.01 of article 6243i.

On October 23, 2012, the city council of City approved and adopted amendments to the retirement ordinance that had been proposed by City's city manager. At the same time, the city council rejected certain proposals that had been approved through a special election conducted by Board at the behest of The Fort Worth Police Officers' Association. The voters in the special election were only the police officer members of City's retirement system. City maintained that the special election was ineffectual because all participating members, such as firefighters and general employees of City, were not included in the election, as section 5.07(a) of article 6243i required. Before the city council voted to reject the results of the

special election, it had received from Retirement Fund a letter describing the results of the special election and requesting the city council to approve or reject those results in accordance with section 5.07(a)(4) of article 6243i.

The actions taken by the city council on October 23, 2012, relative to the retirement ordinance were over the protestations of representatives of Retirement Fund that such actions would violate section 66(d) of article XVI of the Texas Constitution; and, the city council's actions were taken in the face of a threat by representatives of Retirement Fund that Retirement Fund might have to sue City if the changes to be effected by the October 23, 2012 city council action were to be adopted by the city council.

City requested by its state court pleading the following relief pursuant to the Texas Uniform Declaratory Judgments Act, sections 37.001-37.011 of the Texas Civil Practice & Remedies Code:

    1.   a declaration that, pursuant to section 5.07 of article 6243i, special elections called for the purpose of increasing any members' contributions to Retirement Fund must include all members who contribute to the fund;

    2.   a declaration that the prospective benefit reductions for future service of current police officers and

current general employees adopted by the city council on October 23, 2012, comply with section 66(d) of article XVI of the Texas Constitution;

 3. a declaration that the prospective benefit reductions for future police officers and future general employees adopted by the city council on October 23, 2012, comply with section 66(d) of article XVI of the Texas Constitution; and

 4. a declaration that cost of living adjustments adopted by the city council on October 23, 2012, comply with section 66(d) of article XVI of the Texas Constitution.

B. <u>Retirement Fund's Answer</u>

Before filing its notice of removal, Retirement Fund filed its answer to City's state court pleading in which it asserted "the affirmative defense of illegality because Plaintiff seeks a declaration regarding an ordinance that undertakes to do something that might be forbidden under the United States Constitution and the Texas Constitution." Mot. to Remand, App. at 29, ¶ 4. In the prayer of its answer, Retirement Fund made something of a counter-declaratory judgment claim by, in addition to asking the court to deny the declaratory relief requested by City, requesting the court to enter "a finding on the constitutionality of Plaintiff's ordinance under the United

States Constitution, Article I, Section 10, the 5th and 14th Amendments, and 42 U.S.C. 1983" and "a finding on the constitutionality of Plaintiff's ordinance under the Texas Constitution, Article XVI, Section 66(d) and Article I, Sections, 16, 17, 19, and 29." Id. at 29.

C. <u>Retirement Fund's Notice of Removal</u>

On November 19, 2012, Retirement Fund filed its notice of removal, removing the action to this court, alleging that this court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because, according to Retirement Fund, City's "requested declaratory relief necessarily implicates a question of federal law, namely Article I, Section 10, of the U.S. Constitution, the 5th and 14th Amendments to the U.S. Constitution, and 42 U.S.C. 1983." Notice of Removal at 2 ¶ 4. As authority for that proposition, Retirement Fund cited <u>Grable & Sons Metal Prods. v. Daru Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005), and <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983). Id. n.1.

Retirement Fund added as an additional basis for federal question jurisdiction that:

> [I]n the specific context of declaratory judgments, the federal right litigated may belong to the declaratory judgment <u>defendant</u> rather than the declaratory judgment plaintiff. In this declaratory judgment action, even though Plaintiff is not alleging an affirmative claim arising under federal law against Defendant, this Court

5

> has jurisdiction because Defendant could affirmatively allege in its own well-pleaded complaint a claim arising under federal law against Plaintiff. In particular, Defendant could allege that certain changes in the ordinance enacted by Plaintiff affect public pension benefits in a manner that might be in violation of Article I, Section 10, of the U.S. Constitution, the 5th and 14th Amendments to the U.S. Constitution, and 42 U.S.C. 1983.

Id. at 2-3 ¶ 5 (footnote omitted).

D.   The Motion to Remand

On December 5, 2012, City filed its motion to remand. It argued that its request for declaratory relief does not necessarily implicate a question of federal law, and that the federal law questions were introduced into the litigation for the first time by Retirement Fund's state court answer to City's state court pleading. Summed up, City's position is that this court lacks federal question subject matter jurisdiction because City's well-pleaded complaint does not present a federal question, and an answer by the defendant that raises a federal question is inadequate to confer jurisdiction. City explained in its motion to remand that it filed this action in state court in response to Retirement Fund's declaration to City that its proposed amendments to its retirement ordinance would violate section 66(d) of article XVI of the Texas Constitution and the threats made by Retirement Fund to sue City if the changes it proposed to make to the retirement ordinance were to be adopted.

6

E.  Retirement Fund's Response

In its response to City's motion to remand, Retirement Fund expands on the contentions it made in its notice of removal as reasons why this court has federal question subject matter jurisdiction. The position of Retirement Fund was summed up by the argument it made on page 5 of its response:

> Remand is not proper because this Court has federal question jurisdiction over this case. The City's state-court declaratory judgment action necessarily implicates on its face questions of federal law under the United States Constitution. In particular, the City's requested declaration that its Ordinance does not impair public employee pension benefits in violation of the Texas Constitution requires the Court to assess whether the Ordinance impairs contracts in violation of the United States Constitution's Contract Clause or otherwise contravenes additional United States Constitution provisions. This necessary implication of federal law combined with the fact that the Fund could seek affirmative declaratory relief herein to determine the federal constitutionality of the law it is obliged to interpret and apply, and bring federal claims against the City, provides this Court with subject matter jurisdiction. Remand is thus improper.

Resp. at 5.

II.

Analysis

A.  Applicable Principles Governing Removal

Section 1441(a) of Title 28 United States Code authorizes, subject to exceptions not applicable to this case, a defendant to remove to federal court any state court action of which the

7

federal district courts have original jurisdiction. Generally, an action is removable only if (1) the action presents a federal question, or (2) there is complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, excluding interest and costs. As noted above, Retirement Fund removed this action on the theory that the court has federal question subject matter jurisdiction.

The federal question jurisdiction statute, 28 U.S.C. § 1331, provides federal district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Such an action exists if the plaintiff pleads a cause of action created by federal law, or if the action pleaded by the plaintiff requires a resolution of a substantial federal issue. Grable and Sons, 545 U.S. at 312-14. In determining whether an action arises under federal law, the court applies the well-pleaded complaint rule. Franchise Tax Bd., 463 U.S. at 9-11. The federal question must be disclosed on the face of the complaint, without reference to any anticipated defenses or counterclaims. Tennessee v. Union & Planters Bank, 152 U.S. 454, 464 (1893). The well-pleaded complaint rule operates slightly differently in a declaratory judgment action. The test becomes whether "if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would

<u>necessarily</u> present a federal question." <u>Franchise Tax Bd.</u>, 463 U.S. at 19 (emphasis added).

B. <u>Applying the Applicable Principles to this Action</u>

Clearly, City did not in its state court pleading allege a claim under federal law. Its pleading quite clearly states that the relief it seeks is limited to declarations relative to matters involving state statutory and Constitutional laws. If defendant brought a coercive action to enforce its rights, it would not <u>necessarily</u> present a federal question. As the content of Retirement Fund's state court answer discloses, it could have, had it elected to do so, limited a determination of its rights to a declaration of its rights under the Texas Constitution. The fact that it chose in its answer to seek relief beyond a determination of its rights under state law does not force this case into a federal question mode.

City quite legitimately chose to seek declarations only as to those state court issues that appeared to it to be genuinely in controversy between it and Retirement Fund; and, Retirement Fund's state court answer tends to validate City's need for the relief it sought by, in turn, seeking in this action a finding on the constitutionality of City's ordinance amendments under section 66(d) of article XVI of the Texas Constitution.

Put simply, and in direct answer to the basic federal question argument made by Retirement Fund in its notice of removal, City's requested declaratory relief did not necessarily implicate a question of federal law. The federal law questions were raised for the first time by Retirement Fund's state court answer, entirely independent of City's requests for declaratory relief related to Texas statutory and constitutional law.

As to the additional basis for federal question subject matter jurisdiction alleged by Retirement Fund in its notice of removal, the court has concluded that Retirement Fund has been overly aggressive in its reliance on the fact that this is a declaratory judgment action that contemplates a slightly different approach in the application of the well-pleaded complaint rule. As the Supreme Court noted in <u>Franchise Tax Bd.</u>, the question is whether if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would <u>necessarily</u> present a federal question. 463 U.S. at 19. Nothing alleged by City in its state court pleading would <u>necessarily</u> cause Retirement Fund to plead a federal question in response to City's action. The pleading of such a question by Retirement Fund was entirely voluntary on its part. It could have met head-on the state court issues raised by City's pleading, without expanding the case into federal issues, and all of City's

10

declaratory judgment requests could have been resolved by a resolution of those state court issues, with no expansion into federal question issues. If the law were as Retirement Fund has urged, virtually every declaratory judgment action brought by any public authority in state court could be made removable simply by the injection by the defendant into the case of an unsolicited allegation of a violation of a federal law or by a counter-request by the defendant for a declaration that the subject matter of the declaratory relief sought by the plaintiff violates, or has the potential to violate, some federal statute or regulation or some provision of the United States Constitution.

Plaintiff's motion to remand is to be granted because there has been no showing that this court has subject matter jurisdiction over this action. The court has not been persuaded that the action pleaded by City requires resolution of any federal issue, much less a substantial one.

III.

Order

For the reasons stated above,

The court ORDERS that City's motion to remand be, and is hereby, granted, and that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED February 21, 2013.

_____
JOHN McBRYDE
United States District Judge