U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 19 2013

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CITY OF FORT WORTH, | § |
| Plaintiff, | § |
| VS. | § NO. 4:12-CV-829-A |
| EMPLOYEES' RETIREMENT FUND OF THE CITY OF FORT WORTH, | § |
| Defendant. | § |

## MEMORANDUM OPINION
## AND
## ORDER

Before the court for decision is the motion of plaintiff, City of Fort Worth, for award of necessary and reasonable expenses incurred as a result of the removal of this action by defendant, Employees' Retirement Fund of the City of Fort Worth, to this court. After having considered such motion, defendant's response thereto, the positions the parties took on the issue of whether this court had subject matter jurisdiction over the above-captioned action when it was removed by defendant to this court, and applicable legal authorities, the court has concluded that plaintiff should recover from defendant the amount specified in this memorandum opinion and order as attorney's fees under 28 U.S.C. § 1447(c).

I.

## Pertinent Historical Facts

### State Activity Before Removal

For the background and procedural history of this action up to the point when the court ordered its remand to the state court from which it was removed, the court here adopts by reference the contents of the Memorandum Opinion and Order this court signed in this action on February 21, 2013. In summary form:

Plaintiff initiated this action in state court for the purpose of obtaining declarations bearing on the validity of action taken by the city council of plaintiff. The action was filed because (1) plaintiff had been told by representatives of defendant that the action the city council was taking would violate the Texas Constitution, and (2) representatives of defendant had informed representatives of plaintiff that if city council took the action in question, defendant might have to sue plaintiff. The declaratory relief sought by plaintiff did not involve any federal question. Rather, the declarations sought were limited to applicability of a state statute and provisions of the Texas Constitution to the action taken by the city council and events leading thereto.

In defendant's state court answer to the pleading by which plaintiff initiated this action, defendant recognized the

legitimacy of the relief sought by plaintiff in its pleading by joining with plaintiff in requesting a ruling on the constitutionality under the Texas Constitution of the city council action in question. But, defendant went further in its answer by asserting what best would be characterized as a counter-declaratory judgment claim requesting that the state court enter a finding on the constitutionality of the action of the city council under the United States Constitution and 42 U.S.C. § 1983.

Defendant's notice of removal of the action to this court asserted two theories as to why this court had subject matter jurisdiction. First, in reliance on <u>Grable & Sons Metal Prods. v. Daru Eng'g & Mfg.</u>, 545 U.S. 308 (2005) and <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1 (1983), defendant asserted the plaintiff's requested declaratory relief necessarily implicated a question of federal law. Second, defendant asserted that "even though Plaintiff is not alleging an affirmative claim arising under federal law against Defendant, this Court has jurisdiction because Defendant could affirmatively allege in its own well-pleaded complaint a claim arising under federal law against Plaintiff." Notice of Removal at 2-3 ¶ 5.

* * * * *

As reflected by the discussion at pages 7-11 of this court's February 21, 2013 Memorandum Opinion and Order, the court concluded that the theories urged by defendant in support of its contention that this court had subject matter jurisdiction were without merit; and, the court granted plaintiff's motion to remand this action to the state court from which it was removed. By order signed February 21, 2013, the court fixed a deadline of February 28, 2013, for the filing by plaintiff of a motion pursuant to the authority of 28 U.S.C. § 1447(c) for an award of attorney's fees and costs.

II.

Plaintiff's Motion, and Defendant's Response

A. The Motion

On February 28, 2013, plaintiff filed its motion pursuant to 28 U.S.C. § 1447(c) for an award of necessary and reasonable expenses incurred as a result of defendant's removal of this action to this court. The motion, which was verified by the affidavit of an attorney for plaintiff, sought recovery of attorney's fees in the total amount of $27,044.50, representing $20,542.50 incurred in legal activities on behalf of plaintiff directly related to the removal and remand issues and $6,502.00 in legal expenses incurred by reason of a motion to transfer this action from the docket of the undersigned to the docket of

another United States District Judge in this district and division (Judge Means), which was filed the day after defendant filed its notice of removal. Plaintiff alleged in its motion that defendant's "removal action was objectively unreasonable because (1) the removal action was based solely on [defendant's] federal defenses, and (2) [plaintiff's] state court pleading did not necessarily raise a federal issue." Mot. at 2.

The request for an award of $27,044.50 was supported by a detailed itemization of legal services rendered, giving the date, identity of attorney, description of services rendered, amount of time devoted to the work, and amount charged, for each item of work included in the $27,044.50 total.

B.   <u>Defendant's Response to the Motion</u>

Defendant's response in opposition to plaintiff's motion did not take issue with plaintiff's claim that the lawyer work itemized in its motion was necessitated by defendant's removal of this action to this court, nor does defendant take issue with the reasonableness of the charges for that work. Instead, defendant's sole basis for opposing the fee award sought by plaintiff is that attorney's fees should not be awarded against it because it had a plausible, and thus objectively reasonable, argument for federal court jurisdiction. Resp. at 7.

III.

Analysis

Defendant correctly observes that the standard to be applied by the court in determining if it should make a § 1447(c) award is whether defendant had an objectively reasonable basis for seeking removal. American Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 542 (5th Cir. 2012). "A defendant's subjective good faith belief that removal was proper is insufficient . . . ." Id. at 542 n.2; Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000).

In its response in opposition to plaintiff's motion, defendant maintains that it removed this action in reliance on the Supreme Court's decision in Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983). Resp. at 4. On the page specifically cited by defendant, id., the Supreme Court said:

> Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, <u>that suit would necessarily present a federal question</u>.

Franchise Tax Bd., 463 U.S. at 19 (footnote omitted) (emphasis added).

Somewhat apropos are the concluding remarks of the Supreme Court in <u>Franchise Tax Bd.</u>, as follows:

> Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action <u>or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

<u>Id.</u> at 27 (emphasis added).

The court has concluded that no objectively reasonable litigant would have thought that the outcome of the declaratory judgment action brought by plaintiff in state court seeking a declaration of strictly state law issues affecting the validity of the disputed city council action <u>necessarily</u> depended on resolution <u>of a substantial question of federal law</u>. The federal question was not presented until defendant injected it into this action by its state court answer, in which defendant not only took issue with the declaratory judgment relief sought by plaintiff but, by way of a counter-declaratory claim, sought relief based on the United States Constitution and a federal statute. Nor would an objectively reasonable litigant have thought that if defendant had brought a coercive action to enforce its rights, that suit would <u>necessarily</u> present a federal question. Such a suit would just as likely be a mirror image of plaintiff's declaratory judgment action, seeking no more than an

invalidation of the action of the city council based on a contention that such action violated a Texas statute and/or provisions of the Texas Constitution.

Nothing in the state court papers or the removal-remand papers suggests that plaintiff filed its state court declaratory judgment action in anticipation that defendant would make a counter-declaratory judgment claim of invalidity of the questioned city council action based on violation of the United States Constitution or a federal statute; nor, is there any suggestion that, if plaintiff had not filed its state court declaratory judgment action, defendant would have filed an action in any court seeking a declaration that the city council action was imperfect by reason of violation of the United States Constitution or a federal statute.  Plaintiff's concerns when it filed the state court action were, so far as the record disclosed, limited to potential claims that the city council action was taken in violation of a state law or provisions of the state Constitution.  Thus, the only issues that the state court declaratory judgment action <u>necessarily involved</u> were the state law issues that were raised by plaintiff's state court pleading.

Granted, defendant might be better off if it could have removed this action to federal court and then caused it to be consolidated with the federal court action that had been brought

against plaintiff by individual firefighter employees of plaintiff. Thus, the removal of the action might have been subjectively reasonable in the sense that defendant's potential gain from a removal, were it not contested by a motion to remand, could make the risk of remand worthwhile, including the risk of suffering an adverse ruling on a motion for award of attorney's fees under § 1447(c). However, as previously noted, the test is one of objective reasonableness, not of subjective reasonableness. The court is satisfied that defendant did not have an objectively reasonable basis for its removal of this action. Therefore, an award of attorney's fees under § 1447(c) is appropriate.

Considering the failure of defendant to contest the necessity or reasonableness of the total $27,044.50 in attorney's fees plaintiff seeks to have awarded against defendant, the court is not devoting significant time or attention to a detailed analysis on those subjects. Taking into account all of the factors the court should consider in determining reasonableness and necessity of attorney's fees for the work done by the attorneys for plaintiff as a result of defendant's removal, as set forth in plaintiff's motion, the court has concluded that an award of $24,000.00 would be appropriate. In reducing the $27,044.50 claimed amount to $24,000.00, the court has taken into

account what appear to be instances of duplicative activity on the part of the attorneys, and has made the reduction that normally would be made by attorneys in the exercise of "billing judgment." See Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769-70 (5th Cir. 1996).

IV.

Order

For the reasons stated above,

The court ORDERS that plaintiff have and recover from defendant $24,000.00 pursuant to the authority of 28 U.S.C. § 1447(c).

SIGNED March 19, 2013

_____
JOHN McBRYDE
United States District Judge